UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DIANETTE HIGHT, Debtor
_____/

MICHIGAN DEPARTMENT OF
TREASURY,

    Appellant,

v.

DIANETTE HIGHT,

    Appellee.
_____/

File No. 1:10-CV-454

HON. ROBERT HOLMES BELL

**OPINION**

This matter is before the Court on Appellant State of Michigan, Department of Treasury's ("Treasury") appeal from the Bankruptcy Court's March 24, 2010, opinion and order overruling the State's objection to the Debtor's protective proof of claim. (Dkt. No. 1, Attach. 1, Notice of Appeal.) For the reasons that follow, the order of the bankruptcy court will be affirmed.

**I.**

Appellee Dianette Hight ("Debtor") filed a petition for Chapter 13 bankruptcy on January 28, 2009. On April 8, 2009, Debtor filed her state income tax return, but did not make payment of her 2008 income taxes. On April 15, 2009, Debtor's 2008 state income taxes became due and payable. Together with penalty and interest, Debtor owed the State

$4,900. Treasury did not file a proof of claim in the bankruptcy court for Debtor's unpaid 2008 income taxes. In July of 2009, Debtor filed a protective proof of claim for her unpaid 2008 state income taxes on behalf of Treasury.

Treasury objected to Debtor's filing of the protective claim based on its contention that Treasury, as the holder of the postpetition claim, elected not to file a claim, and Debtor could not file that claim on its behalf. In response, Debtor argued that because the taxes were assessed for the year 2008, the tax claim was a prepetition claim that she was permitted to file under § 501(c) of the Bankruptcy Code.[1]

The Bankruptcy Court rejected Debtor's argument that the tax debt arose before the case was pending. According to the Bankruptcy Court, Debtor had a "straddling tax claim," a claim or debt for taxes which are owed for a tax year ending prior to the bankruptcy petition being filed, but for which a tax return or payment of the tax itself is not due until after the bankruptcy petition is filed. The Bankruptcy Court agreed with Treasury that Debtor's 2008 tax liability was a postpetition claim. (Dkt. No. 1, Attach. 16, 03/24/2010 Bankr. Ct. Op. 3.) The Bankruptcy Court nevertheless determined that Debtor could file a claim on behalf of Treasury, and overruled Treasury's objection to Debtor's filing of the protective proof of claim for her 2008 taxes. (Dkt. No. 1, Attach. 17, 03/24/2010 Order.) Treasury has appealed this ruling.

---

[1] 11 U.S.C. § 501(c). Unless otherwise designated, all references to "Section ___," "§ ___," "Bankruptcy Code," or "Code" shall be to the Bankruptcy Code as currently amended, 11 U.S.C. §§ 101 *et seq*.

**II.**

On an appeal from a bankruptcy court, this Court applies the clearly erroneous standard of review to findings of fact, and the de novo standard of review to questions of law. *In re Gardner (Stamper v. United States)*, 360 F.3d 551, 557 (6th Cir. 2004).

Treasury, relying on *In re Turner*, 420 B.R. 711 (Bankr. E.D. Mich. 2009), contends that the Court need look no further than Code § 1305(a) to see that only Treasury is permitted to file a proof of claim for Debtor's 2008 tax liability. In *Turner*, the bankruptcy court sustained Treasury's objection to a debtor's filing of a claim for taxes on Treasury's behalf. 420 B.R. at 716. The *Turner* court restricted its analysis to the issue of whether the debtor's straddling tax claim was a prepetition or a postpetition claim. Based upon its determination that the tax claim was a postpetition claim, the *Turner* court determined that Treasury had the option under § 1305(a)(1) to obtain payment through the plan, or to collect payment outside of the plan pursuant to routine non-bankruptcy collection procedures. *Id.* at 712.

Section 1305(a) provides in pertinent part:

A proof of claim may be filed by any entity that holds a claim against the debtor – (1) for taxes that become payable to a governmental unit while the case is pending.

11 U.S.C. § 1305(a). Treasury points out that this provision only allows the holder of the claim to file the postpetition claim. In this case the holder of the claim is Treasury. Furthermore, Treasury points out that this provision is permissive. It allows, but does not

require, Treasury to file a claim. Accordingly, Treasury contends that Debtor is not permitted to file a postpetition tax claim on behalf of Treasury.

The Bankruptcy Court rejected Treasury's contention that § 1305(a) dictates the administration of straddling tax claims in a Chapter 13 case. According to the Bankruptcy Court, it is Debtor's plan, not § 1305, that ultimately determines how postpetition claims are to be administered in her case. The Bankruptcy Court reasoned as follows:

> [N]ot only does Section 1322(a)(2), in conjunction with Section 507(a)(8) and 502(i), compel a Chapter 13 debtor to provide in his plan for straddling postpetition tax claims, but Section 501(a), in conjunction with Section 101(l0)(B), also makes it clear that any taxing authority owed such a straddling debt must file a proof of claim in order for it to be paid under the plan. But if the taxing authority is required to file a proof of claim under Section 501(a) for this type of postpetition claim, then it stands to reason that the debtor too may file under Section 501(c) a protective proof of claim for that same debt if the taxing authority does not do so.
>
> In summary, then, the State's challenge to the propriety of Ms. Hight's protective claim for her 2008 income tax liability must fail. Although the claim did not in fact become a "right to payment" (i.e., a claim) within the meaning of Section 101(5) until after Ms. Hight commenced her case, Section 1322(a)(2) required that it be paid as if it were a prepetition claim and, under Ms. Hight's plan, proofs of claim are required if such claims are to be allowed. Therefore, Ms. Hight clearly had the opportunity under Section 501(c) to file a protective claim when the State elected not to file its own proof of claim.

(Bankr. Op. 10-11 (footnote omitted) (emphasis added).)

As the Bankruptcy Court noted, "[t]he Bankruptcy Code's provisions regarding the presentation of claims are permissive." (Bankr. Op. 4, no.8 (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530, n.10 (1984) (citing 11 U.S.C. § 501)).) Because the presentation of claims is permissive, the Court questions the Bankruptcy Court's statement that Treasury

4

was "required" to file a proof of claim for its postpetition claim. It appears to the Court that the Code sections cited by the Bankruptcy Court only require Treasury to file a proof of claim if it wants to be paid under the plan. Because Treasury has asserted that it wants to pursue its right to payment independent of the bankruptcy plan, the Court does not interpret the Code to "require" Treasury to file a claim. Nevertheless, the Court does agree with the Bankruptcy Court's conclusion that, based upon the interplay of sections 501(c), 502(i), 507(a)(8), and 1322(a)(2), Debtor can file a claim on behalf of Treasury for the straddling tax claim, although the Court arrives at this conclusion by a slightly different route than that taken by the Bankruptcy Court.

This Court's analysis focuses on what it means to be a "creditor." The analysis begins with the basic rule that only a "creditor" may file a proof of claim in bankruptcy. 11 U.S.C. § 501(a). A debtor is permitted to file a proof of claim on behalf of a creditor only in the limited instance where a creditor has failed to file a proof of claim. 11 U.S.C. § 501(c) ("If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."). Both Treasury and the Bankruptcy Court rely on the definition of "creditor" as an entity with a prepetition claim.[2] The term "creditor" also includes an

---

[2] *See* Dkt. No. 6, State's Br. on Appeal 7; Bankr. Op. 4. Although the Bankruptcy Court noted in a footnote that the term "creditor" has several definitions, in the body of its opinion, it proceeded under the assumption that "the Code does limit the definition of a 'creditor' to only those entities who have 'a claim against the debtor **that arose at the time of or before** the order for relief concerning the debtor.'" (Bankr. Op. 4 (emphasis in original).)

5

entity that has a claim against the estate of a kind specified in section 502(i).[3] 11 U.S.C. § 101(10)(B). Section 502(i), by its terms, refers to postpetition claims such as straddling tax claims. Section 502(i) provides:

> A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(i). Section 507(a)(8), which is referenced in § 502(i), gives priority to government income tax claims for the taxable year ending on or before the date of the filing of the petition. 11 U.S.C. § 507(a)(8)(A)(i).

Treasury's claim for Debtor's 2008 income tax falls within § 502(i) because it is a claim entitled to priority under § 507(a)(8) that did not arise until after the commencement of the bankruptcy case. Because Treasury has a claim against the estate of a kind specified in § 502(i), Treasury is a "creditor" as defined in § 101(10)(B). Because Treasury is a creditor, Debtor can file a claim on Treasury's behalf pursuant to § 501(c). This analysis of the interactions of sections 501(c), 502(i) and 507(a)(8) is the same analysis applied by the

---

[3]The Code defines the term "creditor" to mean:

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
(C) entity that has a community claim.

11 U.S.C. § 101(10).

court in *In re Flores*, 270 B.R. 203 (Bankr. S.D. Tex. 2001), to a straddling sales tax liability. *Id.* at 208 (holding that "with respect to § 507(a)(8) sales tax liability in chapter 13 cases, the debtor may file a proof of claim for the taxing authority if (i) the claim arises postpetition (because, for example, of the due date of the return), (ii) the claim is related to prepetition activity, and (iii) the taxing authority has not filed a claim within the deadline for filing a governmental claim"). This analysis is consistent with the requirement in § 1322(a)(2) that a debtor's plan provide for the full payment of all claims entitled to priority under § 507.[4] Moreover, this analysis does not render § 1305 meaningless because, as the Bankruptcy Court noted, § 1305's reach is not limited to claims that arise immediately following the commencement of the case. It also covers postpetition claims that may not arise until years after the plan's confirmation. (Bankr. Op. 7, n.10.) Although § 1305(a) "permits a creditor to file a postpetition claim and provides for allowance of that claim," it "does not exclude other means of allowing postpetition claims." *In re Flores*, 270 B.R. at 206; *see also In re Senczyszyn*, 426 B.R. 250 (Bankr. E.D. Mich. 2010) (noting that § 1305 controls what claims a creditor can file, but does not control what claims filed by a debtor should be disallowed); *In re Joye*, 578 F.3d 1070, 1076 (9th Cir. 2009) (holding that only taxes incurred postpetition

---

[4]Section 1322(a)(2) provides that a Chapter 13 plan "**shall** . . . provide for the full payment . . . of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2) (emphasis added). Consistent with § 1322(a)(2), the Debtor's plan provided for full payment of all priority claims under § 507. (Dkt. No. 11, Ex. A, Plan ¶ IV(B)(3)(a).)

7

may be treated as postpetition claims under section 1305(a)).

For all these reasons, the Court agrees with the Bankruptcy Court's determination in this case that *Turner*'s assumption that § 1305(a)(1) governs straddling tax claims is wrong. *Turner* erroneously assumed that the Code enforced a strict dichotomy between prepetition and postpetition claims. *Turner* failed to consider the import of §§ 502(i), 507(a)(8) and 1322(a)(2), which establish a Congressional intent to treat taxes on income for the taxable year preceding the bankruptcy case as prepetition claims and to bring those claims into the bankruptcy plan.

The Court agrees with the Bankruptcy Court's conclusion that Debtor could properly file a proof of claim for her 2008 income taxes on behalf of Treasury, and the Court will accordingly affirm the Bankruptcy Court's order overruling Treasury's objection to Debtor's March 24, 2010, proof of claim.[5]

An order consistent with this opinion will be entered.


Dated: <u>August 10, 2010</u>　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5] Because this Court is affirming the Bankruptcy Court's ruling, the Court need not consider Debtor's alternative argument, rejected by the Bankruptcy Court, that Debtor's 2008 income tax liability was a prepetition claim.